**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **NANCY FLYNN** | § | |
| | § | |
| **V.** | § | **A-16-CV-667-LY** |
| | § | |
| **THE NORTHERN TRUST COMPANY** | § | |

## <u>ORDER</u>

Before the Court are Defendant's Motion to Strike Plaintiff's Expert Report and Precldue
Testimony of Plaintiff's Expert Randall S. James (Dkt. No. 20) and Plaintiff's Response (Dkt. No.
24). The District Court referred the above-Motion to the undersigned Magistrate Judge for
resolution pursuant to 28 U.S.C. § 636(b)(1)(A), FED. R. CIV. P. 72, and Rule 1(c) of Appendix C
of the Local Rules.

In this Title VII employment discrimination lawsuit, Plaintiff Nancy Flynn alleges, in part,
that her former employer The Northern Trust Company ("NTC") constructively discharged her from
her position as trust relationship manager and associate personal investment portfolio manager (as
part of an investment team) when the bank asked her to assume teller duties in addition to her regular
investment and trust related responsibilities. Flynn contends that she did not have teller experience
and was concerned about violating federal regulations performing a role for which she was not trained.
In support of her constructive discharge claim, Flynn designated Randall S. James as an expert witness
"in regard to aspects of the banking industry," to offer testimony on banking regulations and best
practices, potential implications for bank employees who, individually or as part of a team, engage in
selling non-deposit investment products, and the implications of placing a bank officer in a teller's
role.

NTC moves to exclude James' Expert Report "because his purpose, opinions, and conclusions do not meet the criteria for expert testimony set forth in Federal Rule of Evidence 702 and established in *Daubert*." Specifically, NTC argues that James' Report should be stricken because (1) it invades the province of the jury and will not assist the trier of fact; (2) James is unqualified to be an expert in the effect of banking regulations on employees; (3) the report is unreliable (4) the report is irrelevant, and (5) the testimony is unfairly prejudicial. The Court disagrees.[1]

The Supreme Court acknowledged in *Daubert v. Merrell Dow Pharmaceuticals,* 509 U.S. 579, 597–98 (1993) that Federal Rule of Evidence 702 is the proper standard for determining the admissibility of expert testimony. Rule 702 provides:

> A witness who is qualified as an expert by knowledge, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> > (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> >
> > (b) the testimony is based on sufficient facts or data;
> >
> > (c) the testimony is the product of reliable principles and methods; and
> >
> > (d) the expert has reliably applied the principles and methods to the facts of the case.

FED. R. EVID. 702. Under *Daubert*, a trial court acts as a "gatekeeper," making a "preliminary assessment of whether the reasoning or methodology properly can be applied to the facts in issue." *Daubert*, 509 U.S. at 592–93; *see also, Kumho Tire v. Carmichael*, 526 U.S. 137, 147 (1999); *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 243–44 (5th Cir. 2002). *Daubert* and its principles apply to both scientific and non-scientific expert testimony. *Kumho Tire*, 526 U.S. at 147. Experts need

---

[1]NTC's Motion to Strike violates Local Rule CV-7(d)(3) since it exceeds ten pages, and could be denied on that basis alone, though the Court denies it on its merits instead.

not be highly qualified to testify, and differences in expertise go to the weight of the testimony, rather than admissibility. *Huss v. Gayden*, 571 F.3d 442, 452 (5th Cir. 2009).

All of NTC's objections to James' go to the weight of his testimony, rather than its admissibility. James is clearly qualified to express the opinions he states, and the opinions he offers do not invade the province of the jury. Further, for the reasons set forth in more detail in the undersigned's Report & Recommendation on NTC's motion for summary judgment, James' oinions are in fact relevant to the issues before the Court. In short, the complaints NTC raises are better dealt with through "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof." *Daubert*, 509 U.S. at 596. Accordingly, NTC's Motion to Strike Plaintiff's Expert's Report and Preclude Testimony of Plaintiff's Expert Randall S. James (Dkt. No. 20) is **DENIED**.

SIGNED this 3rd day of November, 2017.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE